# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

| | |
|---|---|
| Appeal Number | 23-1075 |
| Case Name | Lieberenz v. Wilson, et al. |
| Party or Parties Filing Notice of Appeal Or Petition | Plaintiff Sarah Lieberenz, Individually and as the Personal Representative of the Estate of Jackson Maes |
| Appellee(s) or Respondent(s) | Defendants Kenneth Wilson, Saguache County Sheriff's Office, Dan Warwick, Elke Wells, and Shelby Shields |
| List all prior or related appeals in this court with appropriate citation(s). | Lieberenz v. Wilson, et al., No. 23-1055 |

**I.     JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

   **A.     APPEAL FROM DISTRICT COURT**

   **1.**   Date final judgment or order to be reviewed was **entered** on the district court docket: 2/3/2023

   **2.**   Date notice of appeal was **filed**: 3/14/2023

   **3.**   State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other authority):
   14 days after first notice of appeal was filed (2/28/2023), Fed. R. App. P. 4(a)(3)

   **a.**   Was the United States or an officer or an agency of the United States a party below? No

   **b.**   Was a motion filed for an extension of time to file the notice

of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: No

4. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

   b. Has an order been entered by the district court disposing of any such motion, and, if so, when?

5. Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. No

   **(If your answer to Question 5 is no, please answer the following questions in this section.)**

   a. If not, did district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?
      No

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)? No

   c. If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable? Pendent appellate jurisdiction (intertwined w/ No. 23-1055)

6. Cross Appeals.

   a. If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

      Reversal of SJ to Wells & Shields; reversal of denial of sanctions for spoliation

   b. If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th

        Cir. 2010) (discussing protective or conditional cross appeals). _____

B. **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

    1. Date of the order to be reviewed: _____

    2. Date petition for review was filed: _____

    3. Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: _____

    4. Specify the time limit for filing the petition (cite specific statutory section or other authority): _____

C. **APPEAL OF TAX COURT DECISION**

    1. Date of entry of decision appealed: _____

    2. Date notice of appeal was filed: _____

    (If notice was filed by mail, attach proof of postmark.)

    3. State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____

    4. Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) _____

II. **ADDITIONAL INFORMATION IN CRIMINAL APPEALS**.

    A.    Does this appeal involve review under 18 U.S.C. § 3742(a) or (b) of the sentence imposed? _____

    B.    If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____

    C.    Describe the sentence imposed. _____
_____

    D.    Was the sentence imposed after a plea of guilty? _____

    E.    If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges?_____

    F.    Is the defendant on probation or at liberty pending appeal? _____

    G.    If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed?_____

    **NOTE**:    In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

III. **GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW**.

Ms. Lieberenz brought a 42 U.S.C. § 1983 action against the Board of County Commissioners of the County of Saguache, Colorado, the Saguache County Sheriff's Office, Defendant Warwick in his official capacity, and Defendants Wilson, Wells, Macias, and Shields in their individual capacities. Ms. Lieberenz's claims related to the suicide of her son Jackson Maes while in custody at the Saguache County Jail. As relevant here, Ms. Lieberenz moved for sanctions against Defendants Wilson, Saguache County Sheriff's Office, and Warwick for spoliation of audio recordings of phone calls at the jail on the night of Mr. Maes's suicide. The District Court denied this motion. In addition, Defendants Wilson, Wells, and Shields moved for summary judgment based on qualified immunity. The District Court granted summary judgment as to Defendants Wells and Shields and denied summary judgment as to Defendant Wilson. Defendant Wilson filed an interlocutory appeal (No. 23-1055). Ms. Lieberenz cross-appeals the grant of summary judgment as to the claims against Defendants Wells and Shields and the earlier denial of her motion for sanctions for spoliation against Defendants Wilson, Saguache County Sheriff's Office, and Warwick. This court has pendent appellate jurisdiction over these cross appeals as they are "inextricably intertwined" with or "necessary to ensure meaningful review of" the decision appealed in No. 23-1055.

IV. **IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below.** *See* **10th Cir. R. 3.4(B).**

Whether the District Court erroneously determined that Defendants Wells and Shields were entitled to qualified immunity; and whether the District Court abused its discretion in denying Ms. Lieberenz's motion for sanctions for spoliation against Defendants Wilson, Saguache County Sheriff's Office, and Warwick.

V. **ATTORNEY FILING DOCKETING STATEMENT:**

Name: Megha Ram                    Telephone: (202) 869-3439

Firm: Roderick & Solange MacArthur Justice Center

Email Address: megha.ram@macarthurjustice.org

Address: 501 H Street NE, Suite 275, Washington, DC 20002


s/ Megha Ram                                    3/22/2023

Signature                                        Date

**NOTE:** The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov.

The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

### CERTIFICATE OF SERVICE

I, Megha Ram, hereby certify that on
[attorney for appellant/petitioner]

3/22/2023, I served a copy of the foregoing **Docketing Statement**, to:
[date]

Marni Nathan Kloster, Nicholas C. Poppe, Leslie L. Schluter, Sophia Fernald, at mkloster@ndm-law.com;
[counsel for/or appellee/respondent]

npoppe@ndm-law.com; lschluter@lawincolorado.com; and SFernald@LawinColorado.com

_____, the last known address/email address, by

electronic service via ECF.
[state method of service]

s/ Megha Ram
Signature

3/22/2023
Date

Megha Ram
Roderick & Solange MacArthur Justice Center
501 H Street NE, Suite 275
Washington, DC 20002
Full name and address of attorney